E-FILED 10-30-09

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WELLPOINT, INC. OUT-OF- NETWORK "UCR" RATES LITIGATION | Master Consolidated Case File No. 2:09-ml-02074-PSG |
| Consolidated Cases: CV 09-1886-PSG (CTx) CV 09-2039-PSG (CTx) CV 09-2488-PSG (CTx) CV 09-4223-PSG (CTx) CV 09-4510-PSG (CTx) CV 09-4783-PSG (CTx) CV 09-5863-PSG (CTx) CV 09-6079-PSG (CTx) CV 09-6725-PSG (CTx) CV 09-6726-PSG (CTx) | The Hon. Philip S. Gutierrez Courtroom 790 - Roybal  **[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

**[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**

1

## GOOD CAUSE STATEMENT OF THE PARTIES

2  WHEREAS, discovery, briefs, and other documents filed with the Court in

3  the above-captioned Litigation will involve documents containing sensitive,

4  personal information relating to medical services rendered to Plaintiffs and other

5  protected health information subject to various state and federal privacy laws,

6  including, for example, the Standards for Privacy of Individually Identifiable

7  Health Information, 45 C.F.R. part 164.512, promulgated pursuant to the Health

8  Insurance Portability and Accountability Act of 1996, such that public disclosure

9  may violate Plaintiffs' privacy rights regarding their personal health and other

10  information.

11  WHEREAS, discovery, briefs and other documents filed with the Court in

12  the above-captioned Litigation will require Defendants to produce proprietary,

13  commercial, private and/or confidential information not otherwise in the public

14  domain, which may contain, among other things, Defendants' trade secrets,

15  customer lists, rates structures, price lists, pricing data, financial information,

16  market studies, business plans, computer software and programs, data technologies,

17  systems, structures, and architectures, and sales and marketing literature, such that

18  public disclosure may result in financial damage to Defendants' business

19  relationships or adversely affect Defendants' competitive strategies.

20  WHEREAS, the parties in the above-captioned Litigation have agreed that it

21  is necessary to establish common procedures to limit the necessity for objections or

22  subsequent motions seeking to limit discovery and/or the use of such information,

23  and facilitate the disposition by the Court of any disputes or problems that may

24  arise in connection with discovery, court proceedings, or other use of this

25  information, that it would serve the interests of the parties and any third parties to

26  conduct discovery under this Protective Order.

27

28

**[PROPOSED] PROTECTIVE ORDER
GOVERNING CONFIDENTIAL
INFORMATION**

1   WHEREAS, the parties do not intend this Stipulated Protective Order to

2   restrict the dissemination of information gained by means other than through the

3   discovery process.

4   WHEREAS, this Protective Order provides reasonable restrictions on the

5   disclosure of confidential information and will promote a free exchange of

6   documents and information, diminish involvement of the Court in discovery

7   proceedings, and move the case along more rapidly and at less cost.

8   WHEREAS, the parties acknowledge that this Stipulated Protective Order

9   does not confer blanket protections on all disclosures or responses to discovery, but

10   only extends confidential treatment to the limited information or items defined in

11   this Order.  Further, the parties acknowledge that this Stipulated Protective Order

12   creates no entitlement to file confidential information under seal; the relevant civil

13   rules and Local Rule 79-5 set forth the procedures that must be followed and the

14   standards that will be applied when a party seeks permission from the court to file

15   material under seal.

16   THEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil

17   Procedure, and the Standards for Privacy of Individually Identifiable Health

18   Information, 45 C.F.R. part 164.512, promulgated pursuant to the Health Insurance

19   Portability and Accountability Act of 1996 ("HIPAA"), and with the consent of the

20   parties, and for good cause shown as reflected in the WHEREAS clauses above,

21   IT IS HEREBY ORDERED:

22   **GENERAL PROVISIONS**

23   1.   Definitions:

24   The following definitions shall apply to this Stipulation of Confidentiality

25   and Protective Order (the "Order"):

26   a.   "Protected Information" means any document or information supplied

27   in any form designated by a Producing Party, as defined herein, as

28   "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL

3

HEALTH INFORMATION" in one or more of the following ways provided in Paragraphs 3 to 6.

b.      All Protected Information may be designated (and marked accordingly) as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION."

c.      Information designated as "CONFIDENTIAL" is information that is not in the public domain and contains employee information, financial data and information, and any other information that may reasonably be characterized by a party as intellectual property, a trade secret, or confidential or proprietary information, including customer lists, rates structures, price lists, pricing data, financial information, market studies, business plans, computer software and programs, data technologies, systems, structures, and architectures, and sales and marketing materials.  For purposes of this Order, "trade secret" shall mean any formula, compilation, program, plan, device, design, method, technique, process or other information used in the Producing Party's business and for which confidentiality has been reasonably maintained; "proprietary" information shall mean any information in which a party has a protectable interest, including, without limitation, information regarding a party's finances, processes, products, services, research and development, sales and marketing, strategies, and technologies.

d.      Information designated as "HIGHLY CONFIDENTIAL" is "CONFIDENTIAL" information, such as trade secrets, customer lists, rates structures, price lists, pricing data, market surveys, business plans, and proprietary software, that derives economic value, actual or potential, from not being generally known to competitors and potential competitors, that is the subject of reasonable efforts to maintain its secrecy, and that is so competitively sensitive that disclosure of the information justifies imposing the requirement that no other parties or the parties' inside counsel may view the information and for which the Producing Party

**[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**

reasonably believes that it is entitled to heightened protections from disclosure to competitors or potential competitors under Fed. R. Civ. P. 26(c).

   e.  "CONFIDENTIAL HEALTH INFORMATION" shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner or for which there is a reasonable basis to believe could be used to identify the individual or subscriber and relates to the past, present, or future physical or mental health or condition of such individual or subscriber, the provision of health care, services or supplies to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber.  "CONFIDENTIAL HEALTH INFORMATION" includes, but is not limited to, the following information when it identifies an individual or subscriber: medical bills, claim forms, claims data, grievances or appeals, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, as well as any summaries or compilations of the information contained in these documents, to the extent that such summaries or compilations themselves include "CONFIDENTIAL HEALTH INFORMATION." "CONFIDENTIAL HEALTH INFORMATION" is intended to encompass any patient health information protected by any state or federal law, including, but not limited to, "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. part 160.103, promulgated pursuant to HIPAA, which includes patient health information plus the following subscriber, patient, or member identifiers:

     i.  names;

     ii.  all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

[PROPOSED] PROTECTIVE ORDER
GOVERNING CONFIDENTIAL
INFORMATION

iii.   all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

iv.   telephone numbers;

v.   fax numbers;

vi.   electronic mail addresses;

vii.   social security numbers;

viii.   medical record numbers;

ix.   health plan beneficiary numbers;

x.   account numbers;

xi.   certificate/license numbers;

xii.   vehicle identifiers and serial numbers, including license plate numbers;

xiii.   device identifiers and serial numbers;

xiv.   web universal resource locators ("URLs");

xv.   internet protocol ("IP") address numbers;

xvi.   biometric identifiers, including finger and voice prints;

xvii.   full face photographic images and any comparable images;

xviii.  any other unique identifying number, characteristic, or code; and any other information that the Producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information.

"CONFIDENTIAL HEALTH INFORMATION" does not include any document or information in which the Producing Party has redacted the identifiers listed above and taken other suitable precautions in order to protect the privacy of members, subscribers, or patients.  A Producing Party may, but is not required to, perform such redactions before producing documents that originally contained

[PROPOSED] PROTECTIVE ORDER
GOVERNING CONFIDENTIAL
INFORMATION

"CONFIDENTIAL HEALTH INFORMATION" so long as the redactions do not result in prejudice to another Party.

f.      "Covered Entity" shall have the meaning as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R., part 160.103, promulgated pursuant to HIPAA.

g.      "Document" shall have the same full meaning as defined by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

h.      "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," or other appropriate term or terms connoting the confidentiality of the document.  When any document is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" pursuant to this Order, the Legend shall be affixed to the cover of such document and to any page therein containing Confidential Information.

i.      "Litigation" shall refer to any action in the above-captioned MDL 09-2074, as well as any tag-along actions that may be added to this litigation by the Judicial Panel on Multi-District Litigation or any actions that are consolidated or coordinated by this Court with MDL 09-2074, including any appeals of such actions through final judgment.

j.      "Protected Information": "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," AND "CONFIDENTIAL HEALTH INFORMATION" may be collectively referred to herein as "Protected Information."

k.      "Producing Party" shall mean any Party to the Litigation, or any other person or entity producing documents, information, or other materials in the Litigation, including any Covered Entity or Third Party.

l.      "Receiving Party" shall mean any Party that receives documents, information, or other materials from a Producing Party in this Litigation, including any Covered Entity.

**[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**

m.     "Parties" collectively shall mean all named parties to any action in the Litigation, including any named Party added or joined to any complaint in this action, as well as named parties to tag-along actions that may be added to this litigation by the Judicial Panel on Multi-District Litigation.  As used in this Order, the term "Parties" shall not include putative class members or class members.

n.     "Third Party" shall mean any individual, corporation, association, or other natural person or entity who or that is not one of the Parties.

2.     <u>Scope Of Application Of Order</u>:  This Order shall govern all documents and other information and materials generated or produced in response to any discovery, disclosed through testimony, or contained in pleadings, briefs, or other documents filed with the Court in the Litigation.  In addition, this Order shall govern all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material produced by a Covered Entity in response to any discovery conducted by any Party to the Litigation pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, and 45 C.F.R. part 164.512(e).

## DESIGNATION OF PROTECTED INFORMATION

3.     <u>Designation As Protected Information</u>:  All documents, material, or information in this Litigation that are designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" may be used only for purposes of prosecuting, defending, or settling this Litigation.  A Producing Party may designate any document, material or information, or portion thereof that contains Protected Information as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" pursuant to this Order by affixing the Legend to any document, material or other thing that the Producing Party reasonably and in good faith believes constitutes Protected Information.

**[PROPOSED] PROTECTIVE ORDER
GOVERNING CONFIDENTIAL
INFORMATION**

4.     Production for Inspection Purposes Only:  If a Producing Party intends to produce documents for inspection only, the Parties shall meet and confer on whether production by inspection is appropriate and on the procedures for designating Protected Information.

5.     Designation Of Deposition Transcripts And Exhibits As Protected Information:  At the time of deposition or within thirty (30) days after receiving a deposition transcript, any Party or Third Party may designate portions of the transcript, exhibits, or videotape, as being "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION."  At any deposition conducted in this Litigation, counsel shall attempt in good faith preliminarily to identify and designate Protected Information in testimony and exhibits without prejudice to their right to designate other testimony or exhibits or to withdraw such designations after receipt of the deposition transcript.  Protected Information in deposition testimony may be so designated by underlining the portions of the pages that are "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION," and stamping such pages with the appropriate designation.  Until expiration of the thirty (30)-day period, the entire deposition transcript, exhibits and videotape, shall be treated as "HIGHLY CONFIDENTIAL" under the provisions of this Order.  If the Parties or Third Parties fail timely to designate any testimony from a deposition as containing Protected Information, none of the deposition testimony shall be treated as such.

6.     Designation Of Documents Produced By Third Parties:  Any Party may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" any document that is produced or disclosed without such designation by any Third Party within thirty (30) days of the production of such document, or such other time as may be agreed upon by the Parties, provided that the Third Party has an obligation to the designating Party to maintain the confidentiality of the information, and further provided that any such

9

document contains such information of a designating Party.  Such designation shall be made in the following manner:

a.     Parties to the Litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document.  Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the Parties, any Parties receiving such notice and copy of the designated document pursuant to this subparagraph shall return to the designating Party all undesignated copies of such document in their custody or possession, or alternately shall affix the Legend to all copies of such designated document in their custody or possession.

b.     Upon notice of designation pursuant to this Paragraph, the Parties also shall: (i) make no further disclosure of such designated document or information contained therein, except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.  No Party shall be deemed to have violated this Order if, prior to notification of any subsequent designation, such information has been disclosed or used in a manner inconsistent with the subsequent designation.

c.     The Parties shall serve a copy of this Order simultaneously with any discovery request made to a Third Party.

7.     <u>Inadvertent Failure To Designate Information As Protected Information:</u>  Inadvertent failure to designate information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL

**[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**

HEALTH INFORMATION" at the time of disclosure may be remedied by supplemental written notice given by the Producing Party.  Except as provided in Paragraph 8, once such a designation has been made, however, the relevant documents or materials shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" in accordance with this Order as if they had been initially so designated, provided, however, that if the discovery material that was inadvertently not designated is, at the time of the later designation, filed with the Court on the public record, the Producing Party that failed to make the designation shall move for appropriate relief.  The Parties shall make a reasonable good-faith effort to insure that any analyses, memoranda, or notes that were generated based upon such newly designated confidential information are immediately treated as containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION," as appropriate.

8. <u>Objections To Confidentiality Designations:</u>  A party is not obligated to challenge a Producing Party's designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" at the time such a designation is made, and any failure to do so will not waive that party's right to request, at a later time, that the Court determine whether the information satisfies the definitions of  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION," or whether the information satisfies the applicable rules with respect to Protected Information.  The parties shall, in good faith and employing their best efforts, challenge a Producing Party's designation(s) prior to the later of:  (i) the deadline for filing motions for summary judgment or (ii) three months after the production of the document(s) or information in question.  However, failure to challenge a Producing Party's designation will not preclude any party from bringing, in good faith and subject to meeting and conferring with the Producing Party, no later than 30 days before trial,

[PROPOSED] PROTECTIVE ORDER
GOVERNING CONFIDENTIAL
INFORMATION

a challenge on any document(s) not previously the subject of a motion under this Section, so long as the challenge is limited to a reasonable number of documents. Such limitations on the timing for objecting to the Producing Party's designations shall not apply during trial or in the final pre-trial period during which the parties are required to submit to the Court a list of exhibits they intend to use at trial.  If any Party in this Litigation objects to a confidentiality designation or otherwise desires to have a confidentiality designation removed, counsel for such Party (the "Challenging Party") shall: (i) notify the Producing Party in writing; (ii) state the Bates numbers of the documents at issue (or, where appropriate, by reasonably defining the categories of documents or information challenged); (iii) include a statement of the legal or factual basis for each objection; and (iv) promptly meet and confer in good faith with the Producing Party to attempt to resolve the dispute. If the Producing Party and Challenging Party cannot reach an agreement, then either of them may move the Court for a determination as to whether the designation is appropriate.  Any such motion shall comply with the procedures set forth in Local Rule 37 of the United States District Court for the Central District of California, and any proposed order to the Court should so state.  The parties will use their best efforts to limit the number of documents that will be considered for sealed filing.  If such a motion is made, no party will object to any other party's request for in camera review of the contested documents.  Failure by a party to make such an objection shall not be deemed a waiver of any other objection.  The designated document shall maintain its original "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" status pending a determination by the Court of the motion.

## **DISCLOSURE OF PROTECTED INFORMATION**

9.    Disclosure of "CONFIDENTIAL" Information:  Except as otherwise provided in this Order, "CONFIDENTIAL" information may only be disclosed to, or examined by, the following persons:

a.      the Parties, including their current employees;

b.      the Parties' inside counsel, if any, and employees of the Parties' inside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this Litigation;

c.      the Producing Party, including its current employees, and any indicated author or recipient of the material;

d.      the Parties' respective outside counsel, and employees of the Parties' outside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this Litigation;

e.      clerical personnel, litigation personnel, and vendors who are acting under the direction of the Parties' counsel and who are necessary to assist such counsel in this Litigation;

f.      independent consultants or experts retained in connection with this Litigation by the Parties' counsel, but only for the purposes of prosecuting, defending, or settling this Litigation;

g.      any person likely to testify as a witness at a deposition, hearing, mediation, trial or other proceeding in this action, but only to the extent necessary for the preparation of testimony or during testimony in a proceeding in this Litigation;

h.      stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in the Litigation;

i.      magistrate judges, judges, clerks, or other members or employees of any court of competent jurisdiction over proceedings in or related to this Litigation; and

j.      any other person agreed to in writing by the Producing Party or by further order of the Court.

10.      Disclosure of "HIGHLY CONFIDENTIAL" Information:  Except as otherwise provided in this Order, "HIGHLY CONFIDENTIAL" information may

[PROPOSED] PROTECTIVE ORDER
GOVERNING CONFIDENTIAL
INFORMATION

only be disclosed to, or examined by those persons described in subparagraphs (c) – (j) of Paragraph 9.

11.    Disclosure of "CONFIDENTIAL HEALTH INFORMATION": Except as otherwise provided in this Order, "CONFIDENTIAL HEALTH INFORMATION" may be disclosed to, or examined by those persons described in subparagraphs (a) – (j) of Paragraph 9; *provided that*, the Producing Party may take other suitable precautions in order to protect the privacy of members, subscribers, or patients.  All documents produced by a Producing Party that contain "CONFIDENTIAL HEALTH INFORMATION" shall not be used by any Party to the Litigation for any purpose other than in connection with this Litigation.  This Paragraph shall not prevent a Producing Party from disclosing its own "CONFIDENTIAL HEALTH INFORMATION" to any person, including its counsel and their partners, associates, paralegals, and clerical and litigation support personnel.

12.    Copies:  All copies of any documents containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material shall constitute and be treated as such as provided in this Order.  Any person making, or causing to be made, copies of any documents containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Order.  Nothing herein shall preclude any arrangement among the Parties by which documents or other materials may be copied by the Producing Party.

13.    Acknowledgement And Written Assurance:  For each person who is permitted to see Protected Information, counsel first shall inform such person that pursuant to this Order the material to be disclosed may only be used for the purposes of  prosecuting, defending, or settling this Litigation and must be kept confidential.  Each person who is permitted to see Protected Information shall be

[PROPOSED] PROTECTIVE ORDER
GOVERNING CONFIDENTIAL
INFORMATION

shown a copy of this Order and shall sign the Acknowledgement and Written

Assurance form, annexed hereto as **Exhibit A**, except that no such signed

Acknowledgment and Written Assurance shall be required of the following

persons:

      (i)     the Parties;

      (ii)    the Parties' inside counsel, if any, and employees of the Parties' inside

      counsel who are acting under the direction and control of such counsel and

      who are necessary to assist such counsel in this Litigation;

      (iii)   Court personnel;

      (iv)   any employee of the Producing Party who is identified as a recipient or

      copyee on a document containing Protected Information; or

      (v)    outside counsel for the Parties, including any clerical personnel,

      litigation personnel, and vendors who are acting under the direction of the

      Parties' outside counsel, and who are necessary to assist such counsel in this

      Litigation.

As to any entity described in Paragraph 9(e) or Paragraph 9(f) included in the list of

persons who must sign an Acknowledgement and Written Assurance form, an

owner or manager of such entity may sign an Acknowledgement and Written

Assurance on behalf of the entity as well as the entity's employees.  These signed

forms shall be maintained by counsel for the Party or Parties who disclosed the

Protected Information to such persons.  Copies of the signed forms shall be

produced to the Court for in camera inspection if a Party requests any such

inspection and demonstrates good cause in support of any such request.  Nothing in

this paragraph is intended to modify the application of Federal Rule of Civil

Procedure 26(b)(4)(B) in this Litigation.

      14.   Use Of Information Produced In This Litigation In Other Actions:

Any documents or other information produced by any Party or Third Party in this

**[PROPOSED] PROTECTIVE ORDER
GOVERNING CONFIDENTIAL
INFORMATION**

Litigation shall be used solely for the purpose of this Litigation and for no other purpose.

15.     Notwithstanding any other provision of this Order:

a.     Nothing in this Order shall limit the ability of any Party or Third Party to disclose to any person Protected Information designated by it or that is a business record of that Party or Third Party, as the case may be; and

b.     A Party's use for any purpose of its own documents and information it produces or discloses in this Litigation shall not be considered a violation of this Order.

**THIRD PARTY REQUEST OR DEMAND FOR DISCLOSURE**

16.     Subpoena Or Other Third-Party Request For Confidential Information Produced In This Litigation:  If, at any time, any person, other than the Producing Party who originally produced Protected Information, in the possession, custody, or control of any Protected Information, receives a subpoena or other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding production of such materials, the person to whom the subpoena or request is directed shall, except where prohibited by law, reasonably provide written notice to the Producing Party.  The Producing Party then shall have the burden of defending against or objecting to such request to the extent it seeks "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material.  The person to whom the subpoena or request is directed shall not take any position concerning the propriety of such subpoena or request, or the discoverability of the information sought thereby.  Unless otherwise ordered by a Court or required by a government subpoena, the person to whom the subpoena or request is directed shall comply with the request only if:  (i) the Producing Party does not timely seek an order modifying or quashing the request for "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material; or (ii) the Producing

**[PROPOSED] PROTECTIVE ORDER
GOVERNING CONFIDENTIAL
INFORMATION**

Party is unsuccessful in seeking an order modifying or quashing the request for "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material.  Other than the obligation to comply with the requirements stated herein, this Order does not affect a Party's obligation to respond to such a subpoena or request.  Further, with regard to "CONFIDENTIAL HEALTH INFORMATION," this Order does not affect a Party's obligation to comply with requirements for use of protected health information pursuant to HIPAA, and regulations promulgated pursuant thereto, when responding to such a subpoena or request.

### USE OF PROTECTED INFORMATION BY A PARTY IN THESE PROCEEDINGS

17.     Notwithstanding any other provision of this Order, the Parties shall confer and attempt to agree before any Court trial or hearing on the procedures to be included in a protective order pursuant to which "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material may be used or introduced into evidence at such trial or hearing.  Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each Third Party producing Protected Information which may be used or introduced at such trial or hearing.  Because it would affect the public availability of material used at a trial or hearing, any such agreement will be effective only upon Court approval.  Absent agreement among the Parties, any Party upon reasonable notice to all Third Parties producing Protected Information which may be used or introduced at such trial or hearing may move the Court to issue an order governing the use of Protected Information at a trial or hearing.

18.     Filing of Protected Information Under Seal:  All parties shall make reasonable efforts to avoid requesting the filing of Protected Information under seal by, for example, redacting or otherwise excluding from a submission to the Court any Protected Information not directly pertinent to the submission.  Where not

reasonably possible, any Party wishing to file a document or paper containing
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL
HEALTH INFORMATION" material may request that material be filed under seal
by motion to Judge Gutierrez (with respect to non-discovery matters) or to
Magistrate Judge Turchin (with respect to discovery matters), consistent with Local
Rule 79-5 of the of the United States District Court for the Central District of
California, and shall seek to file under seal only those portions of documents
containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or
"CONFIDENTIAL HEALTH INFORMATION" material.  A designation as
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL
HEALTH INFORMATION" by the parties under this Order alone is not a
sufficient basis to seal the information submitted in connection with a request for
relief from the Court.

### INADVERTENT PRODUCTION OF PROTECTED INFORMATION

19.   <u>Inadvertent Production</u>:  Inadvertent production of information that a
Producing Party later claims should not have been produced because of a privilege,
including, but not limited to, the attorney-client privilege or work product doctrine
("Inadvertently Produced Privileged Information"), shall not constitute a waiver of,
or estoppel as to, any claim of privilege, attorney work-product, or other ground for
withholding production as to which the Producing Party would be entitled.  Upon
discovery by a Producing Party (or upon receipt of notice from a Receiving Party)
that he/she/it may have produced Inadvertently Produced Privileged Information,
the Producing Party shall, within ten (10) days of such discovery, request the return
of such information in writing by identifying the Inadvertently Produced Privileged
Information and stating the basis for withholding such information from
production.  After being notified, any Receiving Party must return, sequester, or
destroy the Inadvertently Produced Privileged Information and any copies he/she/it
has, and must not use or disclose the information until the claim is resolved.  If a

Receiving Party disputes the inadvertent production and/or privilege claim, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the request for the return of the Inadvertently Produced Privileged Information.  The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within ten (10) days.  In the event that the Producing Party and Receiving Party do not resolve their dispute, either of them may bring a motion for a determination of whether a privilege applies.  If such a motion is made, no party shall object to any other party's request for in camera review of the Inadvertently Produced Privileged Information.  Such motion must comply with the procedures set forth in Local Rule 37 of the United States District Court for the Central District of California, and any proposed order to the Court must so state.  The Producing Party must preserve the information until the claim is resolved.  Nothing in this order shall preclude a Party from arguing that a privilege or protection is waived in this Litigation under FRE 502(b).

## **MISCELLANEOUS PROVISIONS**

20.    Nothing contained in this Order shall affect the rights of the Parties or Third Parties to object to discovery on grounds other than those related to the confidentiality of documents or information, nor shall it relieve a Party or Third Party of its obligation to properly respond or object to discovery requests, nor shall it preclude any Party or Third Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

21.    The Parties to this Litigation reserve all rights to apply to the Court for any order modifying this Order, or seeking further protection against discovery or other use of Protected Information or other information, documents, or transcripts. Nothing contained in this Order shall affect the rights of any party to seek

**[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**

protection against the use of Protected Information that was gained by a party or Third Party by means other than through the discovery process.

22.   No Oral Waivers:  The Parties may waive the confidentiality provisions of this Order as to any Protected Information only by explicit written waiver.  Such waiver shall not result in a waiver of the confidential status of any other information deemed Protected Information pursuant to this Order.

23.   Effect Of Order:  This Order shall remain in full force and effect indefinitely until modified, superseded, or terminated by executed written agreement of the Parties or by order of the Court.  This Court shall retain continuing jurisdiction, beyond the conclusion of this Litigation, including, without limitation, during any appeal, over all persons and parties bound by this Stipulated Protected Order to enforce the provisions of this Order pursuant to its contempt powers and with all other powers provided for in this Order.

24.   Amendments:  This Order may be amended by the agreement of counsel for the Parties in the form of a written amendment to the Order.  Such proposed modifications shall be submitted to the Court for approval.

25.   Notices and Time Periods:  All notices that this Order requires to be sent to a particular Party shall be sent via e-mail to counsel for that Party at the address listed in the signature block in the Stipulation that accompanies the [Proposed] Protective Order Governing Confidential Information.  For purposes of computing any period of time under this Stipulated Protective Order, the provisions of Rule 6 of the Federal Rules of Civil Procedure and the Local Rules of the Court shall apply.

26.   No Admission:  Nothing contained in this Order shall be construed as an admission or agreement that any document or information, or any testimony relating to such document or information, is or would be subject to discovery or admissible as evidence in this Litigation or any other proceeding.

27.   With respect to the handling of "CONFIDENTIAL," "HIGHLY

**[PROPOSED] PROTECTIVE ORDER**
**GOVERNING CONFIDENTIAL**
**INFORMATION**

CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" by the Court, any documents or material introduced at trial will be presumptively available to all members of the public, including the press, unless good cause is shown to the Court to proceed otherwise.

## COMPLETION OF LITIGATION

28.  <u>Return Or Destruction Of Protected Information Following Conclusion Of Litigation:</u>  Within ninety (90) days after final resolution of this Litigation (including resolution of all appellate procedures), all documents or other items constituting or containing Protected Information, and all copies thereof, that are in the possession, custody, or control of any person other than the Producing Party shall either be returned to the Producing Party or destroyed.  Within ninety (90) days after the final resolution of this Litigation, upon request each Party shall attest to each Producing Party that all documents or other items constituting or containing Protected Information produced in this Litigation were returned or destroyed in toto.  Counsel for all Parties may retain copies of all documents that reflect attorney work product, all documents that have been filed with the Court, deposition and trial transcripts, and all exhibits thereto, interrogatory responses, and responses to requests for admission.

Dated:  October 30, 2009

_____
Philip S. Gutierrez
United States District Judge

1

<u>EXHIBIT A</u>

2

3

UNITED STATES DISTRICT COURT

4

CENTRAL DISTRICT OF CALIFORNIA

5

IN RE WELLPOINT, INC.          Master Consolidated Case File No.

6

OUT-OF- NETWORK "UCR"                 2:09-ml-02074-PSG
RATES LITIGATION

7

8

9

10

I, _____, do hereby state and declare as follows:

11

12

    (a) I have read and I understand the Protective Order Regarding Confidential

13

Information that was issued by the United States District Court for the Central

14

District of California in the case of _____, Case No. _____, and I agree

15

to be bound by it;

16

17

    (b) I consent to the exercise of personal jurisdiction over me by the United

18

States District Court for the Central District of California for purposes of enforcing

19

this Agreement.

20

21

    I declare under penalty of perjury that the foregoing is true and correct

22

and that this Declaration was executed on the ___ day of _____ in

23

_____.

24

25

Dated: _____

26

27

By: _____ [Declarant]

28

[PROPOSED] PROTECTIVE ORDER
GOVERNING CONFIDENTIAL
INFORMATION